1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11   UNITED STATES OF AMERICA,          CASE NO.:   21-CR-3109-TWR

12            Plaintiff,

13       v.                            ORDER DENYING DEFENDANT'S
                                       MOTION TO SUPPRESS EVIDENCE
14   DEANDRE LAMONT HILL,

15            Defendant.

16

17       Pending before the Court is defendant Hill's "Motion to Suppress Evidence

18   Following Improper *Terry* Stop" ["Motion"].  [ECF No. 24.]  The Government has

19   filed an opposition to the Motion.  [ECF No. 25.]  On February 25, 2022, the Court

20   held an evidentiary hearing on the Motion.  [ECF No. 28.]

21       Based on the parties' written submissions and the evidence adduced during

22   the evidentiary hearing, the Court finds that Border Patrol Agent Whalen had

23   reasonable suspicion to believe that Mr. Hill was engaged in criminal activity.

24   More specifically, at the time he conducted the challenged stop of Mr. Hill, Agent

25   Whalen was aware of the following:  (1) law enforcement officers had observed a

26   drone making illegal entry into the United States from Mexico by flying over the

27   border fence nearby Agent Whalen's location; (2) the location where the drone

28   illegally entered the United States was known to be an area used by drone-based

21-CR-3109-TWR

1  drug smugglers; (3) Agent Whalen was able to locate and visually track the travel

2  of the drone shortly after it crossed into the United States; (4) Agent Whalen

3  observed the drone hover above a parking lot nearby the border fence before rapidly

4  descending to the ground; (5) Agent Whalen observed a vehicle being driven by

5  Mr. Hill travel at a high rate of speed through the parking lot and stop adjacent to

6  the drone; (6) no other individuals were observed in the parking lot at that time; (7)

7  Agent Whalen observed a package attached to the drone; (8) the appearance of the

8  package was consistent with narcotics packaging; and (9) the above-noted vehicle

9  was stopped in a manner such that the drone was located adjacent to the driver's

10  door and the drone was within an arm's reach of the vehicle.  With all those facts

11  in mind, Agent Whalen conducted a stop of Mr. Hill.

12      The reasonable suspicion standard is not a particularly high threshold to

13  reach. *United States v. Valdes-Vega*, 738 F.3d 1074, 1078 (9th Cir. 2013) (en banc).

14  An officer's reasonable suspicion must be assessed based upon the "totality of the

15  circumstances." *Id*.   Here, the facts and circumstances known to Agent Whalen at

16  the time of the stop were sufficient to support Agent Whalen's objective and

17  particularized suspicion that Mr. Hill was engaged in criminal activity.  The Motion

18  is therefore denied.

19      **IT IS SO ORDERED.**

20

21  Dated:  3/4/2022

22      **HONORABLE TODD W. ROBINSON**

23      UNITED STATES DISTRICT COURT

24

25

26

27

28

21-CR-3109-TWR